UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ROGER DALE ALFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 2:20-CV-00085-NCC |
| | ) |
| RUSTY RATLIFF,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 8), to which Respondent has filed a response (Doc. 19), and Petitioner a reply (Doc. 25). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 15). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

### I. PROCEDURAL HISTORY

Petitioner was charged with 12 sexual offenses against three female children (Doc. 19-2 at 4). On October 25, 2017, Petitioner pleaded guilty to one count of first-degree statutory sodomy, two counts of first-degree child molestation, and one count of second degree child molestation (*id*. at 6). The remaining counts were dismissed by the State, pursuant to a plea agreement (*id*. at 16). On the same day, Petitioner was sentenced to three fifteen-year sentences

---

[1] Petitioner is currently incarcerated at Moberly Correctional Center in Moberly, Missouri. *See Missouri Dept' Corr. Offender Search*, https://web.mo.gov/doc/offSearchWeb/ offenderInfoAction.do (last visited March 25, 2024). Rusty Ratliff is the Warden. Therefore, Rusty Ratliff should be substituted as the proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

in the Missouri Department of Corrections and one year in the Jefferson County Jail, to be served concurrently (Doc. 19-2 at 34).

Petitioner filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on March 6, 2018 (Doc. 19-6 at 1). On March 7, 2018, the court appointed counsel, who filed an amended motion on July 30, 2018 (*id*.). In his amended motion, Petitioner claimed that he was denied effective assistance of counsel, due process of law, and the ability to persist to a plea of not guilty in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, due to counsel's failure to litigate the admission of one victim's ("A.A.") prior false allegations, which rendered his guilty plea involuntary, unknowing, and unintelligent (*id*. at 66-67). The court held an evidentiary hearing on April 3, 2019 (*id*. at 86). On May 22, 2019, Petitioner's motion was denied by the Circuit Court of Jefferson County (*id*. at 99-107).

Petitioner appealed this denial (Doc. 19-7). On appeal, Petitioner argued that the motion court clearly erred in denying his motion for post-conviction relief, following an evidentiary hearing, because he received ineffective assistance of counsel due to plea counsel's failure to litigate the admissibility of A.A.'s prior sexual abuse allegations against other individuals when A.A. was three to five years old, which Petitioner argued, ultimately induced him to plead guilty. (Doc. 19-7 at 16). On June 23, 2020, the Missouri Court of Appeals for the Eastern District affirmed the Jefferson County Circuit Court's denial of the motion (Doc. 19-5; *Alford v. State*, 601 S.W.3d 599 (Mo. Ct. App. 2020)). The Missouri Court of Appeals' mandate issued on July 16, 2020 (Doc. 19-4).

On December 28, 2020, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). On February 22, 2021, Petitioner filed his

Amended Petition, raising four grounds for relief (Doc. 8).[2]

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, to exercise only "limited and deferential review" of underlying state court decisions.  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).  Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

Petitioner raises the following four (4) grounds[3] in his Amended Petition:

---

[2] Petitioner also filed a Motion for Leave to Include Belated Exculpatory Evidence (Doc. 18), to which Respondent filed a response (Doc. 21), and the Court denied (Doc. 28).  The Court also denied (Doc. 29) Petitioner's request for an evidentiary hearing and request to order the Jefferson County Sheriff's Office to produce a copy of certain records (Docs. 26, 27).

(1) ineffective assistance of plea and sentencing counsel ("plea counsel") for failing to file a response or otherwise argue against a motion to suppress a prior false claim of sexual assault by a victim (Doc. 8 at 5-6);

(2) perjury by former plea counsel during post-conviction proceedings via his testimony at the hearing that he received a call from Petitioner in which Petitioner stated he desired to plead guilty (*id.* at 9-11);

(3) ineffective assistance of plea counsel for failure to object that Petitioner was denied an arraignment and therefore denied due process (*id*. at 13-16); and

(4) ineffective assistance of counsel based on counsel's coercion to plead guilty and the resulting denial of Petitioner's right to confront or cross examine witnesses against him (*id*. at 19-26).

**A.  Ground One**

In Ground One, Petitioner asserts that plea counsel was ineffective for failing to file a response or otherwise argue against a motion in limine to exclude prior false claims of sexual assault by A.A. (*id*. at 5-6).  Petitioner alleges that counsel was aware of prior Family Services investigations in which A.A. had made allegations against her stepfather and stepbrother which were determined to be false (*id*. at 5).  The state filed a motion in limine to prevent this evidence from coming in at trial (*id*.).  Petitioner claims that plea counsel's failure to file a response or otherwise argue against the state's position constituted ineffective assistance of counsel (*id*. at 5-6).  Petitioner raised this sole issue in his post-conviction motion, and an evidentiary hearing was

---

[3]Petitioner raises the same grounds in the Amended Petition (Doc. 8) that he raised in his original Petition (Doc. 1), but in a different order.  Respondent uses the enumeration used in the original Petition, but the Court will use the enumeration used in the Amended Petition, as it is the operative pleading in this matter.  The Court will apply Respondent's arguments to the appropriate claims.

4

held (Docs. 19-6 at 67, Doc. 19-3).  After this motion was denied, the Petitioner appealed the denial (Doc. 19-7).

Respondent asserts that plea counsel's performance did not fall below the objective standard of reasonableness, and that the Missouri Court of Appeals ("appeals court") could not conclude that a mistake had been made at all (Doc. 19 at 15).  Respondent further asserts that the appeals court determined that plea counsel's performance was not deficient because although the trial court had determined that the prior false allegations would be excluded (by ruling on the motion in limine before Petitioner's counsel responded), plea counsel expressed to Petitioner, before he made his plea, that the defense was still viable because the ruling could be modified once counsel was heard on the matter (Docs. 19 at 15, 19-5 at 4-5).  Respondent asserts that the appeals court finding that Petitioner was not prejudiced by counsel's actions was not objectively unreasonable and reasonably applied federal law in light of the facts presented (*id*. at 16).  Due to the appeals court's reasoned conclusion, Respondent asserts Petitioner's claim lacks merit. (*id*.).  The Court agrees.

To succeed on an ineffective assistance of counsel claim, Petitioner must show 1) that counsel failed to exercise the level of skill and diligence that a reasonably competent attorney would exercise in a similar situation, and 2) that Petitioner was prejudiced by counsel's failure. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  To prove prejudice, Petitioner must show there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694.  Federal habeas under AEDPA provides "doubly" deferential review of ineffective assistance claims which were decided in state court.  "The standards created by

5

*Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).

At the hearing before the circuit court, plea counsel and Petitioner testified (Doc. 19-6 at 103). In its subsequent order, the court stated:

> At that hearing, the Court received the testimony of defense counsel Dane Roper, who testified regarding his extensive work on the case. Mr. Roper stated that he argued against the motion in limine, and that he did not agree with the Court's ruling. He stated that he informed his client that the order in limine was not the final word on the matter. Mr. Roper testified that he was confident that he would be able to find persuasive authority on that issue and that the Court would hear him out at trial. Mr. Roper left the last conference with his client thinking that the case was still going to trial. He received a phone call from Mr. Alford later stating that he wanted to plea. The Court finds that the testimony of Dane Roper is very credible.
> Roger Alford also testified at the post-conviction relief hearing. Roger Alford claimed that Mr. Roper told him that he did not believe that the evidence of A.A.'s prior allegations would come into evidence. Mr. Alford claimed that Mr. Roper expressed concern to him that there was "no smoking gun to prove my innocence." He indicated that he felt abandoned by his lawyer. The Court finds the testimony of Roger Alford is not credible.

*Id*. The court also entered the following conclusions of law: Petitioner's sworn statement at his plea and sentencing was sufficient to deny Post-Conviction relief because he repeatedly stated under oath that his attorney had followed his directions and that he was satisfied with counsel's services, and based on these assurances, he was barred from obtaining relief based on ineffective assistance; Petitioner's hearing testimony was inconsistent with the plea testimony, but the court specifically found the hearing testimony not credible; plea counsel "exercised the level of skill and diligence that reasonably competent counsel would have exercised in a similar situation, and that Movant was in no way prejudiced by counsel's actions." *Id*. The court cited relevant law supporting the rule that an in limine ruling is interlocutory and may be altered, and the court "unequivocally believe[d] Mr. Roper" when he testified that he explained this rule to the Petitioner. *Id*. at 105. The court determined counsel was correct to assert that the court's mind

6

could be changed at trial, and there was no error in failing to brief the issue where no brief was ordered by the court. *Id*. In light of this, the court

> [did] not believe that the ruling on the motion in limine precipitated the Defendant's plea. It seems more likely to the Court that the Defendant wanted to accept the offer of fifteen years to serve rather than take the case to trial regarding allegations of twelve separate sex crimes against three young girls (two of whom were unrelated to the motion in limine) and risk a potential sentence of 160 years.

*Id*. The court further determined, in accordance with Missouri caselaw, that the court was "within its discretion to find that a plea of guilt is not rendered involuntary by a defendant's lack of knowledge about a defense on one count when that defendant also pleads guilty to other counts and the sentence on all of those counts run concurrently." *Id*.

Additionally, the court specifically noted that its decision regarding its ruling on the motion in limine was not wrong, and that additional argument by plea counsel would not have necessarily resulted in a different ruling (*id*.). The court opined that the facts of Petitioner's case were distinguishable from the cases Petitioner cited in support of his claim, and specifically, that the child's previous disclosures occurred when she was four and five years old, and because of this, the court questioned "whether those cases could have overcome this Court's view that the prior allegations by A.A. were irrelevant," but remained open to the possibility (*id.* at 105, 107). In this respect, the court noted, counsel was "absolutely correct" in his belief that he may have been able to persuade the court that the evidence was admissible. (*id*. at 107). The court denied Petitioner's motion (*id*.).

Petitioner appealed the circuit court's decision, arguing that it clearly erred in denying his motion (Doc. 19-7 at 16). The appeals court affirmed the circuit court and filed an unpublished memorandum supplementing the order affirming the decision pursuant to Rule 84.16(b) (Docs. 19-4, 19-5). The appeals court deferred to the motion court's post-hearing credibility

7

determination that Petitioner's testimony was not credible, while plea counsel was "very credible" (Doc. 19-5 at 4).  The appeals court noted that at that hearing, counsel testified that before the plea, he told Petitioner that although the trial court had ruled on the motion, counsel assured him the issue was "not dead" and still a viable defense because the ruling could be modified, and that Petitioner should not let the ruling factor into his decision to plead guilty (*id*. at 4-5).  Despite this, Petitioner decided to plead (*id*. at 5).  The appeals court determined that Petitioner failed to sustain his burden of proving by a preponderance of the evidence that plea counsel was ineffective (*id*.).  Furthermore, it determined that there was not a "definite and firm impression a mistake has been made," and the motion court's findings with respect to counsel's performance were not clearly erroneous (*id*).

The appeals court also determined that the motion court's findings were not clearly erroneous with respect to the prejudice prong of the ineffective assistance claim (*id*. at 6).  The appeals court focused on Petitioner's affirmative acknowledgement at the plea hearing of the four crimes he committed, and that two of those crimes did not involve A.A. (*id*. at 7).  The court specifically considered the following excerpt of the plea hearing:

> [Prosecutor]: What I'd like to ask is specifically that sometime between August 1, 2015 and February 6 - - or August 1, 2014 and February 6, 2015, that [Petitioner] rubbed H.A.'s vagina with his hand on the skin of her vagina when she was 11 years old.
>
> The court: Did that occur?
>
> [Petitioner]: Yes.
>
> [Prosecutor]: I'd like to also ensure that sometime between September 25, 2013 and February 6, 2015, that [Petitioner] rubbed the breast of A.K. through the clothing in his home.
>
> The court: Did that occur?
>
> [Petitioner]: Yes.

8

> [Prosecutor]: I'd also like to ensure that sometime between September 29, 2010 and September 29, 2012, that [Petitioner], while at his home, rubbed the breast of A.A. through her clothes.
>
> The court: Did that occur?
>
> [Petitioner]: Yes.
>
> [Prosecutor]: I would also like to ensure that sometime between September 1, 2014 and February 6, 2015, that at [Petitioner's] home, that the [Petitioner] placed his mouth on A.A.'s breast.
>
> The court: Did that occur?
>
> [Petitioner]: Yes.
>
> The court: So the things, specifically, that we just went through with the prosecuting attorney, you did those things; is that correct, [Petitioner]?
>
> [Petitioner]: Yes.
>
> The court: And you are pleading guilty to the charges . . . because you did, in fact, commit those offenses; is that true?
>
> [Petitioner]: Yes.

(Doc. 19-2 at 14-16).

With respect to the prejudice prong, the appeals court determined that the motion court's finding that Petitioner was not prejudiced by counsel's alleged ineffectiveness was not clearly erroneous based on the fact that Petitioner likely took the plea offer of a fifteen year sentence rather than go to trial on allegations of twelve separate sex crimes against three young girls, especially when two of those girls were not the subject of the motion in limine (Doc. 19-5 at 6). Petitioner had eight other charges dropped as part of the plea deal (*id*.). Petitioner was facing approximately 160 years in prison on all twelve counts, and the motion court did not believe that Petitioner would have rejected the plea agreement and go to trial if counsel had argued the

9

admissibility of one victim's prior sexual abuse allegations against other individuals when that victim was three to five years old (*id*. at 8).  The appeals court found no clear error in the motion court's determination and found that Petitioner failed to prove counsel's representation fell below an objective standard of reasonableness and that Petitioner was prejudiced because of it (*id*.).

The Court agrees with the state court decisions that Petitioner has not sufficiently established that counsel was ineffective, or, that he was prejudiced by counsel's alleged mistakes.  Counsel was not mistaken that the evidence at issue in the motion in limine could still come to light, and the circuit court determined that counsel's testimony that he explained this to Petitioner was credible (Doc. 19-6 at 103-105).  The Court "must defer to the state court's factual determination of the credibility of the witnesses' testimony." *Green v. Buckner*, No. 4:20-CV-00969-RHH, 2023 WL 2598063 at *4 (E.D.Mo. Mar. 22, 2023).  Further, Petitioner affirmatively admitted to the crimes for which he was sentenced, after affirming his satisfaction with counsel at a valid plea and sentencing proceeding (Doc.19-2 at 5, 14-17, 23, 37-40). Finally, the determination that Petitioner was not prejudiced in light of the fact that he freely decided to take a plea offer of a fifteen year sentence instead of facing 160 years at trial, especially when the motion in limine did not pertain to testimony of two of the three victims, was a reasonable one (Doc. 19-5 at 6-8).  Thus, the state court decisions were not contrary to or an unreasonable application of, clearly established federal law, as determined in *Strickland v. Washington*.  Ground One is denied.

**B. Ground Two**

With respect to Ground Two, Petitioner asserts that plea and sentencing counsel committed perjury during the post-conviction evidentiary hearing (Doc. 8 at 9-11).  Specifically,

10

Petitioner alleges that counsel lied about receiving a call from Petitioner that he had decided to plea, that Petitioner wanted a jury trial, but felt he had to plea because it was the lesser of two evils (*id*.).  Respondent asserts that Ground Two is procedurally defaulted because it was not properly raised on appeal (Doc. 19 at 3).  Respondent also notes the undisputed facts that Petitioner met with counsel on October 22, 2017, again on October 23, 2017 (Doc. 19 at 16, Doc. 8 at 10, Doc. 25 at 11-12), and highlights Petitioner's admissions two days later at his plea hearing (Doc. 2-1 at 3-21).  During his plea colloquy, Petitioner stated that he discussed his desire to plead guilty with counsel, that counsel answered all of his questions concerning this matter, that he was satisfied with his attorney's services in this matter, that he understood his rights regarding trial and appeal, and that he decided to waive all the rights he would have had at trial and plead guilty to the charges against him, all of which conflicts with Petitioner's current claims (Doc. 19-2 at 5, 10-11).

Respondent also argues that any attempt that Petitioner is making to assert a credibility issue with respect to the state post-conviction proceeding cannot be raised in federal habeas proceedings, because the Missouri courts already held a hearing and found counsel credible and Petitioner not credible (Doc. 19 at 17).  Respondent cites *Graham v. Solem*, 728 F.2d 1533, 1540-41 (8th Cir. 1984) for the proposition that "[a] federal court must accept credibility determinations made by a state court just as any appellate court must accept the credibility determinations of a trial court."  Respondent further asserts that error during state post-conviction proceedings is not a cognizable claim in a federal habeas petition (Doc. 19 at 17 *citing Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997); *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) ("federal courts are limited to deciding whether a state conviction violated the federal Constitution or laws.")).  The Court agrees.

11

"[I]nfirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction." *Williams v. State of Mo.*, 640 F.2d 140, 143 (8th Cir. 1981). Further, "[e]ven where there may be some error in state post-conviction proceedings, this would not entitle appellant to federal habeas corpus relief since appellant's claim here represents an attack on a proceeding collateral to detention of appellant and not on the detention itself, which we have found to be lawful." *Id*. Ground Two does not state a cognizable claim for relief and is denied.

### C. Grounds Three and Four

In Ground Three, Petitioner alleges ineffective assistance of plea counsel for failure to object that Mr. Alford was denied an arraignment and therefore denied due process (Doc. 8 at 13-16). Respondent asserts Petitioner did not raise this claim in the state proceedings, and it is therefore, defaulted (Doc. 19 at 11). He also argues it is meritless because Petitioner waived formal arraignment and voluntarily pleaded guilty (*id*. at 13-14).

In Ground Four, Petitioner asserts ineffective assistance of counsel based on counsel's coercion to plead guilty, resulting in a denial of Petitioner's right to confront or cross examine witnesses against him[4] (Doc. 8 at 19-26). Respondent asserts that Petitioner did not raise this claim in the state proceedings, and it is therefore, defaulted (Doc. 19 at 11). He also argues it is meritless because Petitioner unequivocally waived his right to confront witnesses during his plea colloquy (Docs. 19 at 17-19).

The Court agrees with Respondent's assertions. "Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the

---

[4] In his reply, Petitioner again requests an evidentiary hearing to present self-serving testimony and other evidence (Doc. 25 at 16). For the reasons set forth in the Court's previous Orders with respect to Petitioner's previous requests to present and include the same evidence (Docs. 28, 29), the request is similarly denied.

petitioner has presented to the state court in accordance with state procedural rules." *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988). "In Missouri, a claim must be presented at each step of the judicial process in order to avoid default." *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (quotation omitted). When a state prisoner "defaults on his federal claims in state court because of a state procedural rule [he] is barred from federal habeas unless the prisoner can show cause and prejudice." *Id*. (*See, e.g., Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) ("Claims in a federal habeas petition not presented in the state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he shows cause and prejudice for the default or a miscarriage of justice.")).

In his reply[5], Petitioner acknowledges that many of his claims are procedurally defaulted (Doc. 25 at 14-15).  In an attempt to show cause for the default, Petitioner vaguely alleges that certain issues and claims were not preserved or raised on appeal because of counsel's ineffective assistance (*id*. at 15).  According to *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court determined that ineffective assistance of counsel during initial-review collateral proceedings may establish cause for procedural default of a claim of ineffective assistance at trial.  In *Martinez*, the Supreme Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. 1, 17 (2012).  To the extent the Court can construe Petitioner's allegations to raise a claim that plea counsel is responsible for any failure to preserve or raise issues on appeal, this

---

[5] The Court notes that Petitioner returned to the enumeration of claims used in his original Petition in his reply brief (Doc. 25).  For purposes of clarity, the Court utilizes the enumeration used in the Amended Petition (Doc. 8) throughout this Order.

13

claim was not raised at the state court level, and is procedurally defaulted. Further construing Petitioner's vague arguments to assert that counsel during collateral proceedings was ineffective and therefore created cause for the default, this claim fails as well. Petitioner does not assert that post-conviction counsel failed to raise substantive claims of ineffective assistance of plea counsel, his assertions all relate to post-conviction counsel's treatment of the post-conviction hearing relating to Ground One, which was fully argued and heard at the state level. Petitioner has failed to establish cause for the default, and Grounds Three and Four are denied.

To the extent Petitioner is attempting to raise a separate ground of ineffective assistance of post-conviction counsel, this claim is not cognizable.[6] "The ineffectiveness or incompetence of counsel during … State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." 28 U.S.C. § 2254(i); *see also Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[A] petitioner cannot claim constitutionally ineffective assistance of counsel in [state post-conviction] proceedings.").

### III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*,

---

[6] Even if Petitioner could bring this claim, it would fail. The state courts specifically found that the plea colloquy alone was enough to resolve the issues at hand (Doc. 19-6 at 103). Notably, Petitioner's plea colloquy affirmed that discussions had occurred regarding the plea and that Petitioner was satisfied with counsel, and that no one coerced him to plead (Doc. 19-2 at 5, 17). Also, it was undisputed that counsel had visited Petitioner twice before Petitioner's guilty plea (Doc. 8 at 10, Doc. 25 at 11-12). The court heard testimony from counsel and Petitioner, and decided that counsel explained that the defense at issue was still available, but Petitioner decided to plead anyway (Doc. 19-6 at 105). Documentary proof that a phone call did or did not occur could not prove the contents of the phone call, and where Petitioner stated under oath, in open court, that he understood his rights, the rights he was waiving, that he was guilty of his crimes, and that he was satisfied with counsel, it does not follow that counsel was ineffective for failing to obtain and present other phone call evidence or additional testimony.

14

297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 8) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28 U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 25th day of March, 2024.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE